The Chief Justice, after recapitulating the facts and arguments, proceeded to deliver the following opinion.
M'Kean, Chief Justice:
—This does not appear to me to be a hard or difficult case. If a man receives my rent, it is at my election to charge him with a disseisin, by bringing an assize or other action, or to have an account. Cro. Car 303. pl. 6. Litt. Sec. 588. But if trespass is brought, and the disseisor dies, it cannot be renewed against his executors, at law ; though it may, notwithstanding that actio personalis moritur cum persona, be recovered in equity. It does not seem necessary to determine, whether such an action as the present, could be maintained in England ; the question here is, whether the plaintiffs are entitled in equity to an account of the rents and profits of Mrs. Haldane’s estate ; and, if so, from what time ?
Nothing can be clearer than, that the plaintiffs had a right to the real estate of Mrs. Hesler Duche, at her death in June, 1779, and to all the rents and profits to be derived from it from that time. It is certain, that they had this right in law, equity and confidence, and yet if they are prevented from recovering *179 them, it must be owing to some impediment in law or equity. I know of no such impediment; they have a right to receive this money from the time their title accrued, unless the Testator had no notice of their title ; or was in possession under a title, or such a title as he was mistaken in ; or there has been a default or laches in the plaintiffs, in not asserting there title sooner.
Mr. Duche had all the deeds, and he of course knew the title of Mrs. Haldane ; but he might possibly have apprehended, that the devise of his wife was good in law to himself : I say, he possibly was under this mistake for a time ; but from his letter of the 12th February, 1782, it appears, that he then knew his own title to be bad, and that of the plaintiffs to be good. It further appeared to the Jury, that Mr. Duche not only concealed the title of the plaintiffs from them, but misrepresented his own. From this time, he was not a bona fidei possessor, and was accountable to the plaintiffs for the rents, whatever might have been the case prior to this time. A man cannot be an honest, faithful possessor of what belongs to others; nothing but ignorance of the facts and circumstances, relating to his own and his adversary’s titles, can excuse him in foro conscientix. This cannot be pretended here.
Thus it was summed up to the Jury, on the trial, and they found for the plaintiffs accordingly, that is, the amount of the rents from February, 1782, 'till March 2, 1796, which I think was right, and agreeable to equity and the truth of the case. If I erred in the charge to the Jury, it was in limiting them to February, 1782, and not going back to June, 1779, the time when Mrs. Haldane’s title accrued. From this circumstance, the defendants retain the rents and profits of an estate, for upwards of two years and an half, to which their Testator had neither a legal nor equitable title. The cases cited for the plaintiffs, particularly, Bacon's Abr. 18. Prec. in Chanc. 517, and 2 Will. 644. support this opinion.
The rule to shew cause, why a new trial should not be granted, must be discharged.